IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| IDEAL INSTRUMENTS, INC., a Michigan corporation,<br><br>Plaintiff,<br><br>vs.<br><br>RIVARD INSTRUMENTS, INC., a foreign corporation, and MERIL RIVARD, a foreign national,<br><br>Defendants. | No. C 05-3079-MWB<br><br>MEMORANDUM OPINION AND ORDER REGARDING DEFENDANTS' MOTION TO RECONSIDER COURT'S ORDER REGARDING DEFENDANTS' MOTION TO DISMISS AS IT RELATES TO COUNTS III-V AND TO GRANT A STAY AS TO COUNTS III-V<br>and<br>ORDER REGARDING PLAINTIFF'S MOTION TO AMEND COMPLAINT |

_____

TABLE OF CONTENTS

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II. LEGAL ANALYSIS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
   A. The Motion To Amend . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
      1. Should leave to amend be granted? . . . . . . . . . . . . . . . . . . 6
      2. What is the effect of the amendment on the motion to reconsider? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
   B. Standards For Reconsideration . . . . . . . . . . . . . . . . . . . . . . . . . 9
   C. Standards For A Stay Of Proceedings . . . . . . . . . . . . . . . . . . . . 12

III. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*I. INTRODUCTION*

In this case, plaintiff Ideal Instruments, Inc., originally asserted claims of infringement by Canadian defendants, Rivard Instruments, Inc., and Meril Rivard, of Ideal's United States patent, United States Patent No. 6,960,196 (the '196 patent), for "detectable" hypodermic needles for livestock, non-infringement by Ideal of the defendants' Canadian patent for a similar device, and various commercial torts. More specifically, Ideal asserted the following claims: in Count 1, "patent infringement," alleging infringement by Rivard Instruments and indirect infringement[1] by Meril Rivard of Ideal's '196 patent; in Count II, a claim for "declaratory judgment," seeking a declaration that Ideal is not infringing Rivard's Canadian patent; in Count III, a claim of "corporate defamation," alleging that the defendants have made false and defamatory statements to third parties of and concerning Ideal to the effect that Ideal's D3 Detectable Needles infringe Rivard's Canadian patent; in Count IV, a claim of "product disparagement/trade libel," alleging that the defendants have made false and derogatory

---

[1] In its brief in opposition to the defendants' original motion to dismiss, Ideal described its patent infringement claim against Meril Rivard as "contributory infringement." *See, e.g.,* Plaintiff Ideal's Brief In Opposition To Defendants' Motion To Dismiss (docket no. 22), 9. As the court explained in some detail in the ruling that the defendants now ask the court to "reconsider," what Ideal has labeled a claim for "contributory infringement" is more properly described as a claim for "indirect infringement" or "inducement of infringement" pursuant to 35 U.S.C. § 271(b), which provides that "[w]hoever actively induces infringement of a patent shall be liable as an infringer." Indeed, in the Amended Complaint that Ideal seeks leave to file, Ideal has repleaded the claim against Meril Rivard as "inducement of infringement."

statements of and concerning the quality of Ideal's D3 Detectable Needles; in Count V, a claim of "tortious interference with advantageous business relationships and expectancies," alleging that the defendants have intentionally and falsely accused Ideal of infringing Rivard's Canadian patent and that the defendants have falsely informed existing and prospective customers and distributors that, if they purchase or use Ideal's D3 Detectable Needles, they will infringe the defendants' Canadian patent and may be sued; and in Count VI, another claim of "tortious interference with advantageous business relationships or expectancies," this time alleging that the defendants have interfered with the relationship between Ideal and its manufacturer by making false and disparaging statements concerning Ideal and attempting to intimidate the manufacturer by threatening to return to its facility with lawyers.

In a memorandum opinion and order filed May 8, 2006, this court granted the defendants' motion to dismiss Count II, the claim concerning non-infringement by Ideal of the defendants' Canadian patent, for lack of subject matter jurisdiction, finding that only a Canadian court had subject matter jurisdiction over such a claim and that a Canadian court did, indeed, have such a claim before it, but denied the defendants' motion to dismiss other challenged claims. *See Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, ___ F. Supp. 2d ___, 2006 WL 1217201 (N.D. Iowa May 8, 2006) (also providing factual background to the present dispute and identifying in more detail the claims asserted). The court, therefore, directed the defendants to answer the remaining claims in Ideal's Complaint.

As directed by the court, the defendants filed an answer to Ideal's Complaint, on May 22, 2006, also asserting counterclaims essentially mirroring Ideal's own claims. Also on May 22, 2006, the defendants filed their Motion To Reconsider Court's Order Regarding Defendants' Motion To Dismiss As It Relates To Counts III-V And To Grant

A Stay As To Counts III-V (docket no. 40), which is now before the court. In their Motion To Reconsider, the defendants assert that, in its May 8, 2006, ruling, the court failed to consider their alternative motion for a stay of all proceedings pending disposition of related litigation in Canada between the parties involving the defendants' claims of infringement by Ideal of the defendants' Canadian patent. The defendants argue that the issue of whether or not Ideal is infringing the defendants' Canadian patent is so intertwined with the remaining claims in this lawsuit that this lawsuit cannot proceed until the Canadian federal court has fully considered the defendants' claim that Ideal is infringing their Canadian patent.

On June 2, 2006, Ideal filed a Combined Motion And Brief For Leave To File First Amended Complaint (docket no. 45). In that motion to amend, Ideal asserts that it is proffering a First Amended Complaint that corrects some typographical errors; adds more factual detail in certain paragraphs; clarifies that the infringement claim against individual defendant Meril Rivard is for "inducement of infringement," rather than "contributory infringement," consistent with the court's May 8, 2006, ruling; eliminates the count for tortious interference related to Ideal's Chinese manufacturer; and separates into individual counts its defamation and tortious interference claims based on different defamatory statements and conduct, *i.e.*, accusations of infringement of Rivard's Canadian patent as opposed to accusations that Ideal's D3 Detectable Needles are of inferior quality. Somewhat more specifically, only Counts II and V of the proffered Amended Complaint now assert claims based on the defendants' accusations that Ideal is infringing the defendants' Canadian patent. Ideal represents that the defendants have refused to consent to the proffered amendment, because they take the position that the court should first rule on their motion to reconsider the court's May 8, 2006, ruling and to stay this litigation.

Ideal, on the other hand, argues that its proffered amendment moots the defendants' motion to reconsider and to stay as to all claims except, possibly, new Counts II and V.

On June 5, 2006, Ideal filed its response to the defendants' Motion To Reconsider (docket no. 46). In its resistance, Ideal contends that the defendants failed to comply with a local rule requiring parties to consult with the opposing party to determine whether or not the opposing party consents to a non-dispositive motion, that the court denied the defendants' alternative motion to stay proceedings *sub silentio*, that all or most of the defendants' motion to reconsider is mooted by Ideal's proffered Amended Complaint, and that a stay would prejudice Ideal and would not be in the interests of judicial economy, at least to the extent that the stay included the counts of the Amended Complaint that are not based on the defendants' accusations that Ideal is infringing the defendants' Canadian patent.

In a reply filed June 15, 2006 (docket no. 47), the defendants request that, if the court grants Ideal's motion to amend its Complaint, that the court consider the defendants' motion to reconsider and to stay to be directed at Counts II and V of the Amended Complaint, and that the court stay their deadline for their answer to the Amended Complaint until after the court rules on their motion to reconsider and to stay proceedings. The defendants assert that Ideal has apparently conceded, albeit reluctantly, that a stay of Counts II and V of the Amended Complaint is appropriate. The defendants reiterate that the Canadian court must consider the issue of infringement of their Canadian patent before this court can consider any claims based on the defendants' accusations that Ideal is infringing their Canadian patent.

The defendants filed their response to Ideal's motion for leave to amend its Complaint on June 19, 2006 (docket no. 49). In their response, the defendants did, indeed, assert that the court should consider their motion to reconsider and to stay before

5

considering Ideal's motion to amend its Complaint, but that if the court is inclined to grant the motion to amend, the court should apply its order on the motion to reconsider and to stay equally to the corresponding counts of the First Amended Complaint.

Although the parties requested oral arguments on the defendants' motion to reconsider, the court has not found such oral arguments necessary, nor has the court's schedule permitted timely oral arguments. Therefore, the court will resolve the defendants' motion to reconsider on the basis of the parties' written submissions.

## II. LEGAL ANALYSIS

### A. The Motion To Amend

As noted above, on June 2, 2006, Ideal filed a Combined Motion And Brief For Leave To File First Amended Complaint (docket no. 45). Ideal contends, *inter alia*, that its proffered amendment moots the defendants' reiterated request for a stay of proceedings, either in whole or in part. The defendants, on the other hand, contend that the court should consider their motion to reconsider and to stay before considering Ideal's motion to amend. Because the court does not agree with the defendants' arguments concerning the sequence in which the motions should be addressed, for the reasons stated in more detail, below, the court will consider Ideal's motion for leave to amend before considering the defendants' motion to reconsider.

### 1. Should leave to amend be granted?

Rule 15(a) of the Federal Rules of Civil Procedure provides for amendment of pleadings, as follows:

> (a) Amendments. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has

> not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

FED. R. CIV. P. 15(a). Here, the defendants answered Ideal's original Complaint before Ideal sought leave to file its First Amended Complaint. Therefore, Ideal requires leave of court to file its amendment. *See id.* As the Eighth Circuit Court of Appeals recently explained,

> As a general rule, leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The court may disallow amendment for various reasons, however, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

*Moore-El v. Luebbers*, 446 F.3d 890, 901-02 (8th Cir. 2006). The district court's ruling on a motion to amend is reviewed for abuse of discretion. *See id.*, 446 F.3d at 901 ("We review the denial of a motion to amend [pursuant to Rule 15(a)] for abuse of discretion."); *Baker v. John Morrell & Co.*, 382 F.3d 816, 830 (8th Cir. 2004) ("We review the district court's decision to grant or deny a motion to amend for an abuse of discretion.").

In this case, the court does not find any of the deficiencies that might bar amendment, and the defendants do not assert any. *See id.* (identifying grounds for denying leave to amend pleadings). Rather, the defendants' only objection to the proffered

7

amendment is that the court should rule on the defendants' motion to reconsider and to stay before considering, if at all, whether to grant Ideal's motion for leave to amend its Complaint. The court does not find that objection to be persuasive, because the Eighth Circuit Court of Appeals has recognized that it is appropriate to allow an amendment that attempts to cure defects or deficiencies previously identified by the opposing party, even after a motion to dismiss is granted, if the amendment is offered in a timely manner. *See Frey v. City of Herculaneum*, 44 F.3d 667, 672 (8th Cir. 1995) (finding that, "without doubt," a proffered amendment cured deficiencies identified in the defendants' motion to dismiss and, therefore, the district court should have allowed the amendment). Here, Ideal has proffered its amendment after the claims in question *survived* the defendants' motion to dismiss, but the amendment is, nevertheless, clearly intended to address the implications of the court's ruling that it does not have subject matter jurisdiction over the issues of validity and infringement of a foreign patent and the defendants' request for a stay of proceedings as to claims involving infringement of a foreign patent. Under the circumstances, the court finds that justice requires that Ideal's motion to amend its Complaint be granted. *See* FED. R. CIV. P. 15(a) ("[L]eave [to amend] shall be freely given when justice so requires.").

*2. What is the effect of the amendment on the motion to reconsider?*

The defendants dispute Ideal's contention that its Amended Complaint moots all or any part of their motion to reconsider, and assert, instead, that a ruling on their motion to reconsider would moot Ideal's motion to amend. As Ideal suggests, the defendants have matters the wrong way around. The Eighth Circuit Court of Appeals has held that it was "plainly erroneous" for a district court to ignore a proffered amended complaint that addressed deficiencies in an original complaint identified in a motion to dismiss and, instead, to grant the motion to dismiss the original complaint, then deny the motion to

amend the complaint as moot. *See Pure County, Inc v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002). As the court observed, "If anything, [the plaintiff's] motion to amend the complaint rendered moot [the defendant's] motion to dismiss the original complaint." *Id.* The situation here is essentially the same, even though the pending challenge to the original complaint is a motion to reconsider the defendants' request to stay the litigation: The plaintiff has proffered an amended complaint that separates claims susceptible to the defendants' argument for a stay, owing to the court's lack of subject matter jurisdiction over issues of validity and infringement of a foreign patent, from claims that are not susceptible to such an argument. Moreover, the defendants' reply reforms their motion for a stay to address the reformulated claims susceptible to their argument for a stay. Under the circumstances, the court concludes that Ideal's First Amended Complaint moots the defendants' motion to reconsider to the extent that the claims that the defendants originally sought to stay are no longer before the court, but does not moot the defendants' motion to reconsider as their request for a ruling on their alternative motion for a stay is now applicable to Counts II and V of the First Amended Complaint.

### B. Standards For Reconsideration

The court turns, next, to the defendants' May 22, 2006, Motion To Reconsider Court's Order Regarding Defendants' Motion To Dismiss As It Relates To Counts III-V And To Grant A Stay As To Counts III-V (docket no. 40), as their reiteration of a request for a stay of proceedings now pertains to Counts II and V of the First Amended Complaint, in light of the court's ruling, above, and the defendants' June 15, 2006, reply (docket no. 47). The parties dispute the precise legal authority, if any, for a "motion to reconsider" an interlocutory order, such as the court's May 8, 2006, ruling. Ideal suggests that such a motion must be based on either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil

Procedure, but the defendants contend that those rules are only applicable to "final" orders, not non-dispositive and interlocutory rulings, such as the May 8, 2006, order. Instead, the defendants assert that the court has the inherent authority to reconsider an interlocutory ruling, and that Rule 54(b) provides such authority, as well.

While the portions of Rules 59(e) and 60(b) providing for alteration of or relief from orders of the court do appear to apply, by their terms, only to "judgments" and other "final" orders, *see* FED. R. CIV. P. 59(e) (providing authority for the court to "alter or amend a judgment"); FED. R. CIV. P. 60(b) (providing authority for the court to relieve a party "from a final judgment, order, or proceeding"), that does not mean that the court is without authority to reconsider "interlocutory" or "non-dispositive" orders. As the defendants note, in *Wells' Dairy, Inc. v. Travelers Indemnity Company of Illinois*, 336 F. Supp. 2d 906 (N.D. Iowa 2004), this court found that Rule 54(b) provided authority to reconsider any interlocutory order. *Wells' Dairy, Inc.*, 336 F. Supp. 2d at 909 (citing cases). Rule 54(b) provides that, unless the court certifies the order for interlocutory appeal, "any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision *is subject to revision at any time before the entry of judgment* adjudicating all the claims and the rights and liabilities of all the parties." FED. R. CIV. P. 54(b) (emphasis added). This court also noted, "The exact standard applicable to the granting of a motion under Rule 54(b) is not clear, though it is typically held to be less exacting than would be [applicable to] a motion under Federal Rule of Civil Procedure 59(e), which is in turn less exacting than the standards enunciated in Federal Rule of Civil Procedure 60(b)." *Wells' Dairy, Inc.*, 336 F. Supp. 2d at 909. Moreover, this court noted that it had repeatedly held that it had the inherent power to reconsider and revise any interlocutory order, such

as a summary judgment ruling, up until the time that a final judgment is entered. *Id.* (citing *Kaydon Acquisition Corp. v. Custum Mfg., Inc.*, 317 F. Supp. 2d 896, 903 ( N.D. Iowa 2004); *Helm Financial Corp. v. Iowa N. Ry. Co.*, 214 F. Supp. 2d 934, 999 (N.D. Iowa 2002); and *Longstreth v. Copple*, 189 F.R.D. 401, 403 (N.D. Iowa 1999)). Thus, the court finds that it has authority to reconsider its May 8, 2006, order.

The question then becomes, what standards apply on such reconsideration? While the standards for reconsideration of interlocutory orders may be less "exacting" than the standards for reconsideration of final orders under Rules 59(e) and 60(b), this court has held that the court should "look to the kinds of consideration under those rules for guidance." *Id.* (citing *Bragg v. Robertson*, 183 F.R.D. 494, 496 (S.D. W.Va. 1998)). Here, the defendants appear to assert that the court's failure to consider their alternative motion for a stay was the result of either "mistake" or "inadvertence." *Cf.* FED. R. CIV. P. 60(b)(1) (expressly providing for relief from a final order based on "mistake" or "inadvertence"). The comparable Rule 60(b) motion should be granted "'only upon an adequate showing of exceptional circumstances.'" *United States v. Tracts 10 & 11 of Lakeview Heights*, 51 F.3d 117, 120 (8th Cir. 1995) (quoting *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986), *cert. denied*, 484 U.S. 836 (1987)). However, the matter is committed to the court's sound discretion. *Rosebud Sioux Tribe v. A & P Steel, Inc.*, 733 F.2d 509, 515 (8th Cir.), *cert. denied*, 469 U.S. 1072 (1984).

The court agrees that it did not expressly rule on the defendants' alternative motion to reconsider, either by "mistake" or "inadvertence," where that alternative request occupied only one paragraph out of the defendants' twenty-six page brief in support of their motion to dismiss and was not mentioned at all in either the defendants' reply or oral arguments in further support of that motion. Although Ideal suggests that this court ruled on the issue of a stay *sub silentio*, this court does not make a practice of ruling on issues

11

*sub silentio*, preferring to rule expressly—and on the merits—whenever possible. Under the circumstances, the court finds that its failure to address the defendants' alternative motion for a stay is a sufficiently "exceptional" circumstance that it is appropriate for the court to address expressly now, on the defendants' motion to reconsider, whether or not proceedings should be stayed, at least as to some of Ideal's claims.

### C. Standards For A Stay Of Proceedings

Although the parties argued what standards are applicable to a motion to reconsider an interlocutory order, and whether or not the motion to amend mooted all or any part of the motion to reconsider, they did not make any attempt to articulate the standards applicable to a stay of proceedings. The court, however, finds that it is those standards that are of particular importance here, where the ultimate question is whether all or any part of this litigation should be stayed.

A district court's power to stay an action pending on its docket is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). More specifically, various courts have recognized an "international abstention doctrine," pursuant to which a United States district court may stay proceedings pending disposition of a substantially similar case in a foreign court. *See, e.g., Mutual Service Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1324 (11th Cir. 2004) (citing *Turner Entertainment Co. v. Degeto Film GmbH*, 25 F.3d 1512, 1521 (11th Cir. 1994), as "enunciating" the doctrine in the Eleventh Circuit); *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1223-24 (also citing *Turner* as formulating the doctrine); *Finova Capital Corp. v. Ryan Helicopters, U.S.A. Inc.*, 180 F.3d 896 (7th Cir. 1999) (recognizing circumstances in which a United States federal court should, in its

discretion, refrain from the exercise of its "virtually unflagging obligation" to exercise jurisdiction in favor of parallel litigation in a foreign forum); *Mujica v. Occidental Petroleum Corp.*, 381 F. Supp. 2d 1134, 1157 (C.D. Cal. 2005) (citing the Eleventh Circuit decision in *Turner* and the Seventh Circuit decision in *Finova Capital Corp.* as adopting and formulating the doctrine); *Supermicro Computer, Inc. v. Digitechnic, S.A.*, 145 F. Supp. 2d 1147, 1149 (N.D. Cal. 2001) (also citing *Turner Entertainment* and *Finova Capital Corp.* as formulating the doctrine). The Eleventh Circuit Court of Appeals has identified the pertinent factors to consider under the "international abstention doctrine" as the following: "'(1) a proper level of respect for the acts of our fellow sovereign nations—a rather vague concept referred to in American jurisprudence as international comity; (2) fairness to litigants; and (3) efficient use of scarce judicial resources.'" *Posner*, 178 F.3d at 1223-24 (quoting *Turner*, 25 F.3d at 1518). Similarly, the Seventh Circuit Court of Appeals has recognized the appropriate factors as essentially the same as would apply to *Colorado River* abstention in favor of parallel state court litigation, identifying those factors as "'wise judicial administration, giving regard to the conservation of judicial resources and comprehensive disposition of litigation.'" *Finova Capital Corp.*, 180 F.3d at 898 (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

In this case, this court has already recognized that the Canadian federal court has subject matter jurisdiction over claims concerning the validity and infringement of Canadian patents, while this court does not. *See Ideal Instruments, Inc.*, ___ F. Supp. 2d ___, 2006 WL 1217201 at *28-*29. Thus, a "proper level of respect for the acts of our fellow sovereign nations," *see Posner*, 178 F.3d at 1223 (first factor in the *Turner* analysis), would dictate staying any claims or portions of claims that are dependent upon determination of the validity or infringement of the defendants' Canadian patents.

13

Similarly, "fairness to the litigants," *id.* (second factor), and "wise judicial administration," including "comprehensive disposition of litigation," *see Finova Capital Corp.*, 180 F.3d at 898 (overriding factor in abstention analysis in favor of parallel litigation in another forum), would dictate that this court should not address claims or parts of claims or compel the parties to litigate claims or parts of claims that cannot be fully resolved in this forum. Here, such claims are claims of defamation and tortious interference with business relations that are dependent upon the truth of the defendants' alleged statements that Ideal is infringing the defendants' Canadian patents. Those claims are now found in Counts II and V of Ideal's First Amended Complaint. The "efficient use of scarce judicial resources," *see Posner*, 178 F.3d at 1223-24 (third *Turner* factor); *Finova Capital Corp.*, 180 F.3d at 898 (considering "the conservation of judicial resources"), also dictates that the court not entertain claims that it cannot fully resolve. On the other hand, none of these factors weigh in favor of staying this litigation in its entirety or staying any part of any claim in this litigation that is not dependent upon issues that can only be determined by a foreign court.

To the extent that the parties considered any factors that might be relevant to the court's determination of whether or not to stay proceedings in this court on the business tort claims, they considered only "prejudice" to the parties. The court agrees that "prejudice" to the parties, imposed by either staying or not staying the case in whole or in part, is a relevant factor. Where, as here, the court simply does not have subject matter jurisdiction to determine a critical issue on certain claims, it would be "prejudicial" to either party for the court to attempt to hear and resolve that issue. While there might be some "prejudice" to the parties from what must, perforce, become "piecemeal" litigation—that is, litigation that can proceed apace on some claims, but must be stayed as to others—the court deems that "prejudice" to be significantly less than the "prejudice" that might arise from this court entertaining claims or determining issues over which it

does not have subject matter jurisdiction, or the "prejudice" that would arise from staying claims over which the court does have subject matter jurisdiction as to all pertinent issues.

Under the circumstances, the court finds it appropriate to stay proceedings on the claims now found in Counts II and V of Ideal's First Amended Complaint.[2]

### III. CONCLUSION

Upon the foregoing,

1. Ideal's June 2, 2006, Combined Motion And Brief For Leave To File First Amended Complaint (docket no. 45) is granted. The defendants shall have to and including July 5, 2006, to file their answer to the First Amended Complaint.

2. The defendants' May 22, 2006, Motion To Reconsider Court's Order Regarding Defendants' Motion To Dismiss As It Relates To Counts III-V And To Grant A Stay As To Counts III-V (docket no. 40), as reformulated in their June 15, 2006, reply (docket no. 47) to seek a stay of Counts II and V of Ideal's First Amended Complaint, is granted. Proceedings on Counts II and V of the First Amended Complaint are stayed pending determination of questions of validity and infringement of the defendants' Canadian patent by the Canadian federal court in proceedings currently pending in Canada.

IT IS SO ORDERED.

DATED this 21st day of June, 2006.

_____
MARK W. BENNETT
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[2] The court will, of course, entertain a motion to stay "mirror image" counterclaims asserted by the defendants, if any, that are dependent upon issues involving the validity or infringement of foreign patents that this court does not have subject matter jurisdiction to decide.

15