# EXHIBIT 3

# EXHIBIT 3

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| **IDEAL INSTRUMENTS, INC.,**<br>a Michigan corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>**RIVARD INSTRUMENTS, INC.,**<br>a foreign corporation, and<br>**MERIL RIVARD,**<br>a foreign national,<br><br>        Defendants. | Case No. 3:05-cv-3079<br><br>HON. MARK W. BENNETT<br>CHIEF JUDGE |

### PLAINTIFF IDEAL'S MOTION FOR IMPOSITION OF SANCTIONS PURSUANT TO F. R. CIV. P. 11, 28 U.S.C. § 1927, AND/OR THIS COURT'S INHERENT AUTHORITY

NOW COMES Plaintiff Ideal Instruments, Inc. ("Ideal"), by and through its undersigned counsel, and, pursuant to F. R. Civ. P. 11, 28 U.S.C. § 1927, and/or this Court's inherent authority, hereby moves this Honorable Court for an Order imposing financial sanctions against Defendants Rivard Instruments, Inc. ("RII") and Meril Rivard ("Rivard"), and their attorneys in connection with the frivolous counterclaim and frivolous motion for preliminary injunction predicated upon a counterclaim for federal false advertising alleging that Ideal's D3 needles are not "detectable," which papers were filed with this Court without reasonable inquiry, for improper purposes, which contained allegations that Defendants and their counsel knew or should have known were false, all of which have unreasonably and vexatiously multiplied these proceedings. In support of this Motion for Sanctions, Plaintiff Ideal states unto this Honorable Court as follows:

FRASER
TREBILCOCK
DAVIS &
DUNLAP,
P.C.
LAWYERS
LANSING,
MICHIGAN
48933

**DRAFT**

1.  On December 30, 2005, Plaintiff Ideal filed its original Complaint in this cause, primarily alleging infringement of its '196 Patent, and service of process of the Summons and Complaint was effectuated on Defendants Rivard Instruments, Inc., and Meril Rivard, on January 9 and 10, 2005, respectively.

2.  On May 22, 2006, Defendants filed their Answer to the original Complaint and filed Counterclaims.

3.  On May 31, 2006, Plaintiff Ideal filed its Answer to Defendants' Counterclaims.

4.  On June 21, 2006, Plaintiff Ideal filed its First Amended Complaint with leave of this Court.

5.  On July 5, 2006, Defendants filed their Answer to the First Amended Complaint, and filed Counterclaims.

6.  On July 17, 2006, Plaintiff Ideal filed its Answer to Defendants' First Amended Counterclaims.

7.  On October 30, 2006, Defendants filed their Motion for Preliminary Injunction predicated on a new proposed counterclaim for which leave had not yet been sought or granted. This motion alleged that Plaintiff Ideal's D3 needles were not detectable as advertised, and this motion was based on the sham and rigged report of Defendants "expert," Professor Steven J. Hoff. Defendants and their counsel knew at the time, and certainly knew as of Professor Hoff's deposition on November 10, 2006, that his "report" was a sham, admittedly had no statistical validity whatsoever, could not pass peer review, and/or otherwise unreliable and inadmissible.

**DRAFT**

8. By filing the motion for a preliminary injunction based on a phony, rigged, and completely unreliable report of its own expert (who) does not even qualify as an expert under the *Daubert* standard, Defendants and their counsel perpetrated a fraud upon this Court.

9. On or about November 15, 2006, Defendants filed their Answer to the Second Amended Complaint and Amended Counterclaims, including their frivolous and knowingly false counterclaim for federal false advertising based on the allegation that Plaintiff Ideal's D3 needles were not detectable.

10. Defendants amended counterclaim for federal false advertising and motion for preliminary injunction were wholly without merit, filed without reasonable inquiry, filed in bad faith, filed with knowledge that the material allegations were false, filed for improper purposes such as to harass and harm their competitor, Ideal, and resulted in unreasonably and vexatiously multiplying these proceedings. Therefore, such conduct in the filing of the amended counterclaim and motion for preliminary injunction is sanctionable, pursuant to F. R. Civ. P. 11, 28 U.S.C. § 1927, and under this Court's inherent authority.

11. On November 15, 2006, Plaintiff Ideal's counsel sent a letter to Defendants' lead counsel and local counsel, advising all of Defendants' counsel of record that the amended counterclaim and motion for preliminary injunction violated the provisions of F. R. Civ. P. 11 and 28 U.S.C. § 1927, and requesting that the same be promptly withdrawn, otherwise sanctions would be sought. (Exhibit 1.)

12. However, Defendants and their counsel refused to voluntarily dismiss their offensive and frivolous counterclaim and motion for preliminary injunction.

13. Defendants' amended counterclaim and motion for preliminary injunction lack evidentiary support for the factual allegations. Therefore, those filed papers violate the provisions of F. R. Civ. P. 11(b)(3).

14. Defendants' amended counterclaim and motion for preliminary injunction are not warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law. Therefore, those filed papers violate the provisions of F. R. Civ. P. 11(b)(2).

15. Defendants' amended counterclaim and motion for preliminary injunction were interposed for improper purposes, such as to harass, punish, and otherwise harm their competitor, Plaintiff Ideal, and those papers served to multiply these proceedings in an unreasonable and vexatious manner, in violation of F. R. Civ. P. 11(b)(1) and 28 U.S.C. § 1927.

16. Pursuant to F. R. Civ. P. 11(c), this Court, after notice and a reasonable opportunity to respond, may impose sanctions, including monetary sanctions, against Defendants and/or their attorneys, including their local counsel, for the violations of Rule 11 set forth above.

17. Pursuant to 28 U.S.C. § 1927, this Court may also impose monetary sanctions against counsel for Defendants for their conduct in unreasonably and vexatiously multiplying these proceedings.

18. On November 15, 2006, pursuant to and consistent with the provisions of F. R. Civ. P. 11(c)(1)(A), more than 21 days prior to filing this Motion for Sanctions with this Court, it was served upon Defendants lead and local counsel in this case. However, Defendants and their counsel refused to withdraw or otherwise appropriately correct their challenged and offensive pleadings and motion.

**DRAFT**

WHEREFORE, Plaintiff Ideal respectfully requests that this Honorable Court issue an Order:

(A) Adjudging that the filing of the amended counterclaim for federal false advertising violated the provisions of F. R. Civ. P. 11;

(B) Adjudging that the filing of the motion for preliminary injunction violated the provisions of F. R. Civ. P. 11;

(C) Adjudging that the filing of the amended counterclaim violated the provisions of 28 U.S.C. § 1927;

(D) Adjudging that the filing of the motion for preliminary injunction violated the provisions of 28 U.S.C. § 1927

(E) Adjudging that the amended counterclaim for federal false advertising was filed in bad faith, with fraudulent intent, vexatiously, wantonly, and/or for oppressive reasons;

(F) Requiring that Defendants and/or its attorneys pay Plaintiff Ideal the costs and attorneys fees incurred by it as a result of the filing of the amended counterclaim and motion for preliminary injunction, pursuant to F. R. Civ. P. 11, 28 U.S.C. § 1927, and/or this Court's inherent authority; and

(G) Providing such other or further relief as the Court may deem just and appropriate under the circumstances.

*Respectfully submitted,*

Attorneys for Plaintiff Ideal Instruments, Inc.

November 15, 2006        By: /s/ _____
                         Mark R. Fox
                         Toni L. Harris
                         Katherine A. Weed
                         Fraser Trebilcock Davis & Dunlap, P.C.
                         124 West Allegan Street – Suite 1000
                         Lansing, Michigan 48933
                         (517) 482-5800 – Telephone
                         (517) 482-0887 – Facsimile
                         mfox@fraserlawfirm.com

                         and

5

**DRAFT**

November 15, 2006               By: /s/ _____
                                Jay Eaton
                                Nyemaster, Goode, West, Hansell & O'Brien P.C.
                                700 Walnut – Suite 1600
                                Des Moines, Iowa 50309-3899
                                (515) 283-3100 – Telephone
                                (515) 283-3108 – Facsimile
                                JE@nyemaster.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that on November __, 2006 the foregoing instrument was electronically filed with the Court using the CM/ECF system and served upon all parties to the above case and/or to each of the attorneys of record herein at their respective addresses disclosed on the pleadings:

By:   __X__   Electronic Service

/s/ Jay Eaton _____

6